

$400

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**LATASHA JACKSON**
3829 Berkley Avenue
Drexel Hill, PA 19026, and

**TYONNA JACKSON,**
1615 S. Frazier Street
Philadelphia, PA 19143,

individually and on behalf of all similarly
situated individuals,

Plaintiffs,

v.

**PUBLIC PARTNERSHIPS, LLC,**
40 Broad Street, 4th Floor
Boston, MA 02109

Defendant.

16        4837

Docket No. _____

**COMPLAINT – CLASS ACTION**

**COMPLAINT**
**WITH COLLECTIVE ACTION AND RULE 23 CLASS ALLEGATIONS**

**INTRODUCTION**

1.      This is an action to recover unpaid wages owed to the Plaintiffs and those similarly situated to them.

2.      Claims are asserted under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. §§ 333.101–.115, and implementing regulations.

3.      The Defendant, a business providing various services to patients, employed Plaintiffs as aides providing home health care, and also as unskilled workers performing domestic services.

4.      The Fair Labor Standards Act and its implementing regulations mandate that covered employers pay their employees overtime pay unless an exemption applies.

*1*

5.      The Pennsylvania Minimum Wage Act and its implementing regulations mandate that covered employers pay their employees overtime unless an exemption applies.

6.      As will be detailed later, the Department of Labor strengthened protections for home health aides effective January 1, 2015, but the Defendant did not observe those regulations, nor the ones previously in effect.

7.      Home health aides employed by third party employers like Public Partnerships, LLC have at all times relevant been required to pay overtime to home health aides under the Pennsylvania Minimum Wage Act.

8.      The Defendant did not pay overtime pay to the Plaintiffs or those similarly situated, even though these employees were not exempt from the FLSA's protections or the protections of the Pennsylvania Minimum Wage Act.

9.      Accordingly, the Plaintiffs seek damages, on behalf of themselves and others.

## PARTIES

10.     Plaintiff Latasha Jackson lives in Philadelphia, Pennsylvania. She worked as a home health aide for the Defendant from at least 2014 until 2015. Attached as Exhibit A is her consent-to-sue.

11.     Plaintiff Tyonna Jackson lives in Philadelphia, Pennsylvania. She worked as a home health aide for the Defendant during most of 2015. Attached as Exhibit B is her consent-to-sue.

12.     The collective action plaintiffs on whose behalf the Plaintiffs bring this action are current or former employees of the Defendants.

13.     Defendant Public Partnerships, LLC is a Delaware limited liability company, which provides in-home personal care and home health services to thousands of patients across dozens of states.

13.     Defendant does substantial business in Pennsylvania, including providing care to hundreds of clients in Pennsylvania.

*2*

14. Defendant employed the Plaintiffs in Philadelphia, Pennsylvania.

15. Defendant is headquartered in Boston, Massachusetts.

## JURISDICTION AND VENUE

16. The Court has subject-matter jurisdiction over the FLSA claims in this action pursuant to 28 U.S.C. § 1331, because they raise a federal question under the FLSA, 29 U.S.C. §§ 201, *et seq*.

17. Title 29 U.S.C. § 216(b), provides the Court with subject-matter jurisdiction over the FLSA collective action allegations.

18. Subject-matter jurisdiction over the state-law claims is supplied by 28 U.S.C. § 1367.

19. Personal jurisdiction over the Defendant is proper because it does substantial and continuous business here in this judicial district, and because it committed the wage violations alleged here in Pennsylvania.

20. Venue is proper in this District under 28 U.S.C. § 1391, because the actions and omissions giving rise to the claims substantially occurred in this District.

## THE FLSA COVERS DOMESTIC SERVICE EMPLOYEES

21. The Fair Labor Standards Act stands as a broad expression of Congressional policy that workers must be treated fairly in the workplace. That includes a statutory minimum wage and mandatory overtime pay provisions, and it is backed up by a private right of action that can be asserted by employees. The overtime provision is what is at issue in this suit.

22. Covered employers—those subject to the FLSA's reach—must pay overtime to each employee unless they can show that that employee is exempt from FLSA coverage.

23. Exemption from coverage is determined on an employee-by-employee basis, and the burden is on the employer to justify any claimed exemption from overtime.

*3*

24.     Congress extended the FLSA's coverage to "domestic service employees" in 1974. 29 U.S.C. §§ 202(a), 206(f), 207(*l*); *see* 78 Fed. Reg. 60,454, 60,457 (Oct. 1, 2013) (explaining statutory and regulatory scheme). "Domestic service employees" included cooks, butlers, valets, maids, housekeepers, and so on. 78 Fed. Reg. at 60,457.

25.     In extending the FLSA to cover domestic service employees, however, Congress exempted "any employee employed . . . to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15).

26.     These employees included "'elder sitters[,]' whose primarily responsibility was to watch over an elderly person . . . in the same manner that a babysitter watches over children." 78 Fed. Reg. at 60,454 (citing 119 Cong. Rec. S24773, S24801)).

27.     Historically, employers like the Defendant have often improperly relied on this "companionship services" exemption to avoid paying any FLSA overtime pay to home health aides like the Plaintiffs.

28.     The regulations implementing the statutory "companionship services" exemption more specifically define which employees may be exempt. "Companionship services" was intended to cover "'fellowship, care, and protection,' which included 'household work . . . such as meal preparation, bed making, washing of clothes, and other similar services' and could include general household work not exceeding '20 percent of the total weekly hours worked.'" 29 CFR § 552.6 (former); *see* 78 Fed. Reg. at 60,457.

29.     Accordingly, even before the new 2015 regulations came into effect, and still today, any worker providing "companionship services" but who also performs other services, such as general household work, in excess of 20% of total weekly output is *not* an exempt worker and thus receives the benefit of the FLSA's protections.

*4*

## THE FLSA IS EXPANDED IN 2015 TO COVER HOME HEALTH AIDES

30.     In October 2013, the Department of Labor issued a final rule ("the 2015 regulations"), substantially revising the regulations implementing the FLSA's statutory exemptions. 78 Fed. Reg. 60,454 (Oct. 1, 2013).

31.     That rule states: "This regulation is effective January 1, 2015."

32.     The 2015 regulations were initially proposed by a Notice of Proposed Rulemaking back in 2011.

33.     In the final 2015 regulations, the Department of Labor noted the changing character of today's labor force and the increasingly corporatized nature of companionship service provision. 78 Fed. Reg. at 60,455. The Department noted:

> As more individuals receive services at home rather than in nursing homes or other institutions, workers who provide home care services, referred to as "direct care workers" in this Final Rule but employed under titles including certified nursing assistants, home health aides, personal care aides, and caregivers, perform increasingly skilled duties. Today, direct care workers are for the most part not the elder sitters that Congress envisioned when it enacted the companionship services exemption in 1974, but are instead professional caregivers.

34.     The Department also noted that "[d]espite this professionalization of home care work, many direct care workers . . . have been excluded from the minimum wage and overtime protections of the FLSA," and that the lack of such protections "harms direct care workers, who depend on wages for their livelihood," "as well as the individuals receiving services and their families, who depend on a professional, trained workforce to provide high-quality services." *Id.*

35.     Based on these findings, the 2015 regulations extended overtime protections to workers employed as home health aides. Specifically, employees providing medically-related services to individuals are not exempt from the FLSA's protections.

36.     The 2015 regulations now state that "companionship services" as defined in the statute, 29 U.S.C. § 213(a)(15), "does not include services relating to the care and protection of

*5*

the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse." 29 CFR § 552.6.

37.     Section 552.6, thus, means that home health aides are no longer exempt from the FLSA's coverage.

### THE PLAINTIFFS' WORK EXPERIENCE

38.     The Plaintiffs are, or were, employees of the Defendant.

39.     Each Plaintiff performed activities at the direction of, under the control of, and as part of her employment by the Defendant.

40.     Each Plaintiff's job title was "home health aide" or similar.

41.     Plaintiff Tyonna Jackson's duties included assisting clients with activities of daily living, bathing, showering, cooking, reminding clients to take medicine, housekeeping, and other general/light duty chores.

42.     Half of Tyonna Jackson's time was spent administering direct care to patients, and the other half the time was spent on cleaning and general household chores.

43.     Plaintiff Latasha Jackson's duties included cooking food, taking her patient to doctor appointments, doing laundry, reminding the patient to take medication, and assisting with other activities of daily living.

44.     Half of Latasha Jackson's time was spent on household chores, including cleaning.

45.     Each Plaintiff has spent approximately half of her hours working on tasks that do not meet the FLSA's definition of companionship services—far above the 20% threshold set under the pre-2015 regulations.

46.     During their employment, each Plaintiff worked substantial amounts of overtime. Tyonna Jackson typically worked 84 hours a week. Latasha Jackson's schedule regularly included 63 to 84 hours a week.

47.     Each Plaintiff received an hourly wage of $13.25 for her work.

*6*

48.     Neither Plaintiff received any overtime pay for hours worked above forty hours a week.

49.     Rather, the Defendant paid only straight time for each hour worked.

50.     For example, Plaintiff Tyonna Jackson's November 27, 2015 paystub contains the following details:

| | |
|---|---|
| **Business name:** | Public Partnerships, LLC |
| **Pay date** | November 27, 2015 |
| **Period beginning** | November 1, 2015 |
| **Period ending** | November 14, 2015 |
| **Hours worked** | 173 |
| **Gross pay** | $2,292.25 |

(Ex. C, redacted paystub.)

51.     That shows 173 hours of time worked during two seven-day workweeks, paid at $13.25 per hour, with zero amount included as overtime.  Thus, she was shorted approximately $616 in overtime wages for that pay period.

52.     The Defendant intentionally set policies and practices designed to avoid overtime pay for the Plaintiff and employees like them. In reckless disregard of the FLSA, the Defendant adopted and then adhered to its policy and plan of treating Plaintiffs as exempt and failed to pay overtime premiums at one and a half times the regular rate.

## FLSA COVERAGE ALLEGATIONS

53.     The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, is applicable to the Defendant and its protections apply to the Plaintiffs.

54.     The Defendant was an "employer" under the FLSA. 29 U.S.C. § 203(d).

55.     Plaintiffs were, or are, "employees" of the Defendant within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

56.     The Defendant "suffered or permitted" the Plaintiffs to work and thus "employed" them within the meaning of the FLSA. 29 U.S.C. § 203(g).

57.     The Plaintiffs are covered under "individual coverage" under the FLSA, 29 U.S.C. § 207(a)(1), because they are persons engaged in the interstate commerce of providing health services.

58.     The Defendant was engaged in interstate commerce or in the production of goods for commerce.

59.     Each Defendant does more than $500,000 in annual gross sales and has more than two employees not related to the family of the owner.

60.     Accordingly, as employees of the Defendant, the Plaintiffs are also covered under the FLSA's "enterprise coverage" provisions.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiffs bring this action on behalf of themselves, and also as a collective action pursuant to 29 U.S.C. § 216(b). The class intended to be represented in the collective action—the "FLSA Collective Action Class"—consists of:

> All current and former home health aides employed by Public Partnerships, LLC who were: (1) at any time since August 26, 206 not paid the FLSA's overtime premium for any hours worked over 40 in a workweek and (2) not exempt from the FLSA's coverage (as described in this complaint).

62.     The Plaintiffs have discussed their experience with their peers also employed by the Defendant. They are aware that, like them, many other of Defendant's home health aides:

a.     Routinely worked more than 40 hours per week, spending more than 20 percent of their weekly hours performing work that did not qualify as companion ship services, yet were paid only straight time for all hours worked; and

b.     Worked as home health aides more than 40 hours per week, providing medically-related services to the Defendant's clients, yet were paid only straight time for all hours worked.

*8*

63.     The Court should conditionally certify this as a collective action under the FLSA. Conditional certification is appropriate because the FLSA Collective Action Class employees are "similarly situated" to the Plaintiffs. 29 U.S.C. § 216(b). They are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful pay practices described in this complaint; (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between the Defendant and every collective action class member is the same and differs only by location or rate of pay.

64.     The Plaintiffs estimate that the FLSA Collective Action Class will include thousands of members. The precise number of members should be readily available from a review of Defendant's personnel, scheduling, time, and payroll records.

65.     Each FLSA Collective Action Class member raises identical legal questions: the construction and applicability of the FLSA and its implementing regulations.

66.     Each FLSA Collective Action Class member presents with identical factual questions: whether pay was straight time only or included overtime pay; whether there were weeks where the class member worked more than 40 hours and performed work that made that employee non-exempt as detailed in this complaint, either by virtue of working more than 20% hours on tasks that did not qualify as companionship services or by providing home health aide services after January 1, 2015.

## RULE 23 CLASS ACTION ALLEGATIONS

67.     The Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of a class—"the Rule 23 Class"—defined to include:

> All current and former home health aides employed by Public Partnerships, LLC who were: (1) at any time since August 26, 2013 not paid an overtime premium for any hours worked over 40 in a workweek; (2) not exempt from the PMWA's coverage (as described in this complaint); and (3) working in Pennsylvania during some portion of their employment with Public Partnerships, LLC.

68.     The proposed Rule 23 class definition meets the criteria set out in Rule 23(a).

69.     *Numerosity:* The members of the Rule 23 Class are so numerous that joinder of all members in the case would be impracticable. The Plaintiffs estimate there are hundreds of Class members who reside and work in Pennsylvania. The precise number of Class members should be readily available from a review of Defendant's personnel and payroll records.

70.     *Commonality/Predominance:* There is a well-defined community of interest among Rule 23 Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

      a.    whether the Defendant maintained common policies or practices that required its employees to perform work beyond 40 hours in a workweek;

      b.    whether the PMWA requires the Defendant to pay minimum wages for each hour worked and overtime wages to Plaintiff and the Class for requiring them to perform work;

      c.    whether the Defendant violated the PMWA through its pay practices;

      d.    whether the Defendant should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the PMWA; and

      e.    whether the Defendant's violations were willful.

71.     *Typicality:* The Plaintiffs' claims are typical of those of the Rule 23 Class in that the Plaintiffs and all other members suffered damages as a result of the Defendant's common and systemic payroll policies and practices. The Plaintiffs' claims arise from the same policies, practices, and course of conduct as all other Rule 23 Class members' claims, and the Plaintiffs' legal theories are based on the same legal theories as all other Rule 23 Class members: whether all Rule 23 Class members were employed by the Defendant on an hourly basis without receiving minimum wages for all hours worked and overtime wages for work in excess of 40 hours per week.

72.     *Adequacy:* The Plaintiffs will fully and adequately protect the interests of the Rule 23 Class. The Plaintiffs have retained multiple, national law firms with lawyers qualified and experienced in the prosecution of nationwide wage-and-hour class actions. No Plaintiff or Plaintiff's lawyer has interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

73.     *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

74.     The case will be manageable as a class action. The Plaintiffs and their counsel know of no unusual difficulties in the case, and the Defendant's payroll systems allow the class, wage, and damages issues in the case to be resolved with relative ease.

75.     Because the elements of Rule 23, including 23(a) and 23(b)(3) and 23(c)(4), are satisfied, certification is appropriate.

## COUNT 1:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## (FAILURE TO PAY OVERTIME—
## IMPROPER RELIANCE ON THE COMPANIONSHIP SERVICES EXEMPTION)

76.     The FLSA requires an employer to pay employees a premium overtime rate of one and a half times regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a)(1).

77.     As shown above, both prior to and after January 1, 2015, employers covered by the FLSA could not use the companionship services exemption to avoid paying overtime to those employees who performed more than 20% of their total weekly hours on tasks that did not qualify as companionship services.

*11*

78.     The Plaintiffs, like those similarly situated to them, *did* regularly perform more than 20% of their weekly hours on tasks that did not qualify as companionship services, but the Defendant did not pay them any overtime during those weeks.

79.     Accordingly, the Defendant has violated the Fair Labor Standards Act and are liable for damages as set out in 29 U.S.C. § 216(b).

80.     The Defendant's FLSA violations were knowing and willful within the meaning of the statute, 29 U.S.C. § 255.

81.     The Defendant's FLSA violations are also continuing, i.e., their illegal pay policy hasn't changed and continues forward to this day.

82.     The Defendant's FLSA violations were committed against the Plaintiffs and the FLSA Collective Action Class.

83.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, attorney fees and costs.

Accordingly, the Plaintiffs demand, on behalf of themselves and the FLSA Collective Action Class:

- Certification of these claims as a collective action under 29 U.S.C. § 216(b).
- Back wages in the amount of one-half their regular rate of pay for the last three years, for each week in which the work included more than 20% of time spent on tasks that did not qualify as companionship services.
- Liquidated damages in an equal amount.
- Attorney fees and the costs of prosecuting this action.
- Prejudgment and postjudgment interest.

## COUNT 2:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## (FAILURE TO PAY OVERTIME—
## POST-JANUARY 1, 2015 CLAIMS)

84.     The FLSA requires an employer to pay employees a premium overtime rate of one and a half times regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a)(1).

85.     As shown above, after January 1, 2015, employers covered by the FLSA could not use the companionship services exemption under any circumstances to avoid paying overtime to employees who provided medically-related services.

86.     Additionally, after January 1, 2015, the companionship services exemption was no longer available to third-party agencies like the Defendant. 29 CFR § 552.109(a).

87.     As described above, the Plaintiffs provided services to their clients, the aged and the infirm, which required their specialized training.

88.     Accordingly, the Plaintiffs are not exempt from the FLSA's coverage for overtime.

89.     Despite the changes in the regulations, however, the Defendant continued to pay the Plaintiffs, like those similarly situated to them, only straight time, not the FLSA's mandated overtime pay, for each workweek where they worked over 40 hours.

90.     Accordingly, the Defendant has violated the Fair Labor Standards Act and are liable for damages as set out in 29 U.S.C. § 216(b).

91.     The Defendant's FLSA violations were knowing and willful within the meaning of the statute, 29 U.S.C. § 255.

92.     The Defendant's FLSA violations are also continuing, i.e., their illegal pay policy hasn't changed and continues forward to this day.

93.     The Defendant's FLSA violations were committed against the Plaintiffs and the FLSA Collective Action Class.

*13*

94.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, attorney fees and costs.

Accordingly, the Plaintiffs demand, on behalf of themselves and the FLSA Collective Action Class:

- Certification of these claims as a collective action under 29 U.S.C. § 216(b).
- Back wages in the amount of one-half their regular rate of pay from January 1, 2015 to present for all hours worked in a week in an excess of 40 that was not compensated at the applicable overtime rate.
- Liquidated damages in an equal amount.
- Attorney fees and the costs of prosecuting this action.
- Prejudgment and postjudgment interest.

## COUNT 3:
## VIOLATIONS OF THE PENNSYLVANIA WAGE LAWS

95.     At all times relevant to the action, Defendant was an employer covered by the overtime mandates of the PMWA, and Plaintiff and the Class are employees entitled to the PMWA's protections.

96.     The PMWA entitles employees to certain hourly minimum wages for all hours worked, overtime wages, and other wages.  Pa. Cons. Stat. § 333.101, *et seq.*

97.     The PMWA entitles employees to bring a private action against an employer to unpaid overtime wages. Pa. Cons. Stat. § 333.113.

98.     The PMWA requires that "[e]mployees shall be paid for overtime not less than one and one-half times the employee's regular rate" of pay of the employee for those hours in excess of 40 hours per week. Pa. Cons. Stat. § 333.104(c).

99.     Defendant, Plaintiff, and Class members are "employer" and "employees" for the purposes of the PMWA.

*14*

100.    Home health aides employed by third party employers like Public Partnerships, LLC have at all times relevant been required to pay overtime to home health aides under the Pennsylvania Minimum Wage Act.

101.    Defendant violated the PMWA by regularly and repeatedly failing to compensate Plaintiff and the Class for the time spent working in excess of 40 hours per week while performing activities described in this Complaint.

102.    Plaintiff and the Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Class are entitled to recover unpaid wages owed, plus costs, attorneys' fees, and other appropriate relief under the PMWA at an amount to be proven at trial.

Accordingly, the Plaintiffs demand, on behalf of themselves and the Rule 23 Class:

- Certification of these claims as a class under Fed. R. Civ. P. 23.

- Designation of the Plaintiffs as class representatives.

- Designation of the Plaintiffs' counsel as class counsel.

- Back wages in the amount of one-half their regular rate of pay each week where overtime wages were not paid.

- Damages in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and awarding Plaintiff and the class members all other available compensatory damages, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated and double damages by Defendant under the PMWA.

- Attorney fees and the costs of prosecuting this action.

- Prejudgment and postjudgment interest.

## JURY DEMAND

The Plaintiffs demand a trial by jury on all claims asserted in this Complaint.

Respectfully submitted,

Dated: 9/7/16        By:

Louis F. D'Onofrio, Esquire (PA ID No. 90901)
Heather K. D'Onofrio, Esquire (PA ID No. 91170)
**THE D'ONOFRIO FIRM, LLC**
303 Chestnut Street
Philadelphia, PA 19106
Telephone: 215-923-1056
Fax: 215-923-1057
Email: ldonofrio@donofriofirm.com
Email: hdonofrio@donofriofirm.com

Brandon L. Bogle (Fla. Bar No. 52624)(PHV Admission to
be sought)
William F. Cash III (Fla. Bar No. 68443) (PHV Admission
to be sought)
**LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7043
Email: bbogle@levinlaw.com
Email: bcash@levinlaw.com

David H. Grounds (Minn. Bar No. 285742) (PHV
Admission to be sought)
**JOHNSON BECKER, PLLC**
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: dgrounds@johnsonbecker.com
Email: jrusch@johnsonbecker.com

## ATTORNEYS FOR THE PLAINTIFFS

*16*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**LATASHA JACKSON**, and

**TYONNA JACKSON,**

individually and on behalf of all
similarly situated individuals,

      Plaintiffs,

          *v.*

**PUBLIC PARTNERSHIPS, LLC,**

      Defendant.

### CONSENT TO JOIN

1.     Pursuant to the Fair Labor Standards Act, 29 U.S.C § 216(b), I hereby

consent to join and act as a plaintiff in the above-captioned lawsuit.

2.     I agree to be bound by any adjudication or court rulings in the

lawsuit, whether favorable or unfavorable.

3.     I hereby designate Levin, Papantonio, Thomas, Mitchell, Rafferty &

Proctor, P.A. and Johnson Becker, PLLC to represent me in the lawsuit.

Signature: _____

Print Name: __Latasha Jackson_____

Date signed: ___5-31-16_____

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**LATASHA JACKSON**, and

**TYONNA JACKSON,**

individually and on behalf of all
similarly situated individuals,

      Plaintiffs,

           *v.*

**PUBLIC PARTNERSHIPS, LLC,**

      Defendant.

## CONSENT TO JOIN

1.     Pursuant to the Fair Labor Standards Act, 29 U.S.C § 216(b), I hereby consent to join and act as a plaintiff in the above-captioned lawsuit.

2.     I agree to be bound by any adjudication or court rulings in the lawsuit, whether favorable or unfavorable.

3.     I hereby designate Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. and Johnson Becker, PLLC to represent me in the lawsuit.

Signature: _____

Print Name: ___Tyonna Jackson___

Date signed: ___6-5-16___

# EXHIBIT C

| Labor Earnings | Units | This Check | YTD Amount |
|---|---|---|---|
| Personal Assistance Servic | (173) hours | 2,292.25 | 33,721.25 |
| | | | |
| Total Labor Earnings | | 2,292.25 | |

| Payments | This Check | YTD Amount |
|---|---|---|
| Total Earnings | 2,292.25 | 33,721.25 |
| Social Security-Employee | -142.12 | -2,090.71 |
| Medicare-Employee | -33.24 | -489.00 |
| Federal Income Tax | -312.25 | -4,902.72 |
| Pennsylvania State Tax | -70.37 | -1,035.24 |
| Pennsylvania Unemploy.- | -1.60 | -23.58 |
| Local Tax | -89.63 | -1,320.07 |
| Net Pay | 1,643.04 | 23,859.93 |

| Other Information | This Check | YTD Amount | Balance |
|---|---|---|---|

| Payment Method | Amount |
|---|---|
| Checking: | 1,643.04 |

| Tax Auth. Information | Filing Status | Allow. | Credits | Extra W/H |
|---|---|---|---|---|
| Federal Government | | | | |
| PA State Government | | | | |

| Rate Information | Amount |
|---|---|
| Personal Assistance Services | 13.25 |

| Client(s) Served | Period Start | Period End |
|---|---|---|
| 026864 - | 11/01/15 | 11/14/15 |

**Citizens Bank**

Public Partnerships, LLC
One Cabot Road, STE 102
MEDFORD, MA 02155
Phone: 1-877-908-1750



PUBLIC
PARTNERSHIPS

11/27/15

************************0.00

VOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOID
VOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOIDVOI

Two signatures required if over
Seven Thousand Five Hundred Dollars
Void After 90 Days

Payable to:    TYONNA JACKSON

**JS 44** CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| LATASHA JACKSON and TYONNA JACKSON | PUBLIC PARTNERSHIPS, LLC |
| **(b)** County of Residence of First Listed Plaintiff   Philadelphia | County of Residence of First Listed Defendant   Suffolk |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
| Heather K. D'Onofrio, Esquire/ Louis F. D'Onofrio, Esquire | |
| The D'Onofrio Firm, LLC | |
| 303 Chestnut Street, Philadelphia, PA 19106 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❒ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

❒ 2  U.S. Government
Defendant

❒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - Product Liability | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 367 Health Care/ | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | Product Liability | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 340 Marine | ❒ 368 Asbestos Personal Injury Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❒ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❒ 840 Trademark | ❒ 460 Deportation |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 371 Truth in Lending | ❒ 720 Labor/Management Relations | ❒ 861 HIA (1395ff) | ❒ 480 Consumer Credit |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | ❒ 380 Other Personal Property Damage | ❒ 740 Railway Labor Act | ❒ 862 Black Lung (923) | ❒ 490 Cable/Sat TV |
| ❒ 195 Contract Product Liability | ❒ 362 Personal Injury - Medical Malpractice | ❒ 385 Property Damage Product Liability | ❒ 751 Family and Medical Leave Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 196 Franchise | | | ❒ 790 Other Labor Litigation | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 791 Employee Retirement Income Security Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❒ 893 Environmental Matters |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 895 Freedom of Information Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate Sentence | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 896 Arbitration |
| ❒ 240 Torts to Land | ❒ 443 Housing/ Accommodations | ❒ 530 General | | | ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 535 Death Penalty | **IMMIGRATION** | | ❒ 950 Constitutionality of State Statutes |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 448 Education | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration Actions | | |
| | | ❒ 550 Civil Rights | | | |
| | | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ❒ 2 Removed from State Court    ❒ 3 Remanded from Appellate Court    ❒ 4 Reinstated or Reopened    ❒ 5 Transferred from Another District *(specify)*    ❒ 6 Multidistrict Litigation - Transfer    ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201, et seq.

Brief description of cause:
Violation of FLSA and Pennsylvania Minimum Wage Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   09/07/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

*(handwritten: 16-4837, SEP - 7 2016)*

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: LATASHA JACKSON, 3829 Berkley Avenue, Drexel Hill, PA 19026; TYONNA JACKSON, 1615 S. Frazier Street, Philadelphia, PA 19143

Address of Defendant: PUBLIC PARTNERSHIPS, LLC, 40 Broad Street, 4th Floor, Boston, MA 02109

Place of Accident, Incident or Transaction: Philadelphia, PA - This case involves allegations of FLSA violations for home health aid work performed in Philadelphia

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Unknown as to Defendant

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Heather K. D'Onofrio, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/7/16   _____ Attorney-at-Law   _____ Attorney I.D.#   91170

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

SEP - 7 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/7/16   _____ Attorney-at-Law   _____ Attorney I.D.#   91170

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

LATASHA JACKSON AND TYONNA JACKSON,
        PLAINTIFFS,
    v.

PUBLIC PARTNERSHIPS, LLC
      DEFENDANT

CIVIL ACTION

**16  4837**
NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

9/7/16                PLAINTIFFS
**Date**     **Attorney-at-law**   **Attorney for**
                 hdonofrio@donofriofirm.com
215-923-1056    215-923-1057   ldonofrio@donofriofirm.com

**Telephone**     **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02

SEP - 7 2016